Filed 1/20/21  P. v. Hayes CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ALFREDO A. HAYES,<br><br>  Defendant and Appellant. | D077916<br><br><br><br>(Super. Ct. No. SCE319579) |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In May 2013, Alfredo Hayes pleaded guilty to second degree murder (Pen. Code,[1] § 187, subd. (a)) and robbery (§ 211).  He admitted that he unlawfully killed the victim and that he personally used a firearm in the commission of each count (§ 12022.53, subd. (b)).  The court sentenced Hayes

---

[1]    All further statutory references are to the Penal Code.

to an indeterminate term of 25 years to life. Hayes did not appeal his conviction.

In February 2019, Hayes filed a petition for resentencing under section 1170.95, alleging he was convicted of felony murder under a theory of natural and probable consequences and that he could not now be convicted of the same offense under current law.

The court appointed counsel and obtained briefing from both parties. Citing the change of plea form, the prosecution argued Hayes admitted he was the actual killer who shot the victim. The court denied the petition, finding Hayes was not eligible for relief as a matter of law since he was the actual killer.

Hayes filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Hayes the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Hayes and an accomplice met with the victim to conduct a drug purchase. During the discussion, Hayes took out a handgun and demanded the victim's drugs. The victim refused and Hayes shot him in the head.

During the police investigation, Hayes admitted he shot the victim but claimed it was an accident.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

2

has identified the following possible issue which was considered in evaluating the merits of this appeal:  Whether the court erred in denying Hayes's petition.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Hayes on this appeal in denying Hayes's petition based on a review of the record of conviction.

DISPOSITION

The order denying the petition for resentencing under section 1170.95 is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



O'ROURKE, J.



DATO, J.